Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Jorge C. Palau Hartmann<br><br>Peticionario<br><br><br>Ex Parte | TA2025CE00294 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2025RF00096<br><br>Sobre: Declaración de Incapacidad y Designación de Tutor |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece el señor Jorge Carlos Palau Hartmann (en lo sucesivo, Sr. Palau Hartmann o peticionario) y nos solicita la revocación de la Resolución emitida el 4 de junio de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, TPI o foro primario). En el referido dictamen, el foro primario denegó una moción de reconsideración al igual que una solicitud de orden, dirigidas a ordenar el descubrimiento de un expediente médico y la fijación de una evaluación médica, respectivamente.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, por los fundamentos que expondremos a continuación.

**I.**

El caso de epígrafe tuvo su comienzo el 12 de marzo de 2025 con la presentación de una petición ex parte hecha por el Sr. Palau Hartmann. En ella expresó que su madre, la señora Bertha Lydia

---

[1] Notificada el 23 de julio de 2025.

Hartmann Fernández-Cuervo (en lo sucesivo, Sra. Hartmann Fernández-Cuervo o recurrida), ha sufrido un deterioro cognitivo que ha afectado su memoria, su reconocimiento de espacio y tiempo, entre otras facultades. Adujo que, el desvanecido estado de salud mental de su madre ha tenido un efecto nocivo en sus relaciones familiares. Como resultado de la alegada penosa situación señaló que sus hermanos, Antonio y Gustavo Palau Hartmann se han valido del estado de salud de su madre para beneficio propio y contra del peticionario. Lo que ha desencadenado desacuerdos sobre la corporación familiar que están dilucidándose en el foro judicial,[2] al igual que otro pleito independiente en el cual se expidió una orden de protección a favor de la Sra. Hartmann Fernández-Cuervo contra el propio peticionario.[3]

A raíz de lo anterior, el peticionario solicitó la expedición de una orden a los fines de que la Sra. Hartmann Fernández-Cuervo sea formalmente evaluada por un especialista de manera que se le pueda atender y tratar su salud mental. De igual forma, solicitó que se declare a la Sra. Hartmann Fernández-Cuervo incapaz para regir su persona y administrar sus bienes, y, en consecuencia, se le nombre un tutor.

Evaluada la petición, el 13 de marzo de 2025, el TPI emitió una Resolución y Orden donde ordenó a la Procuradora de Asuntos de Familia exponer su posición.

Por otra parte, el 10 de abril de 2025 compareció por primera vez la Sra. Hartmann Fernández-Cuervo mediante una Moción Asumiendo Representación Legal. En su escrito aseguró estar en pleno uso de sus facultades, por lo que se incorpora al

---

[2] Identificado con el código alfanumérico GM2018CV00359.

[3] Identificado con el código alfanumérico GML1212024-01132(99). La expedición de la orden fue impugnada ante este foro, donde un panel hermano decidió denegar la expedición del auto de *Certiorari* solicitado en la Resolución emitida el 27 de junio de 2025, caso KLCE202500106.

pleito como parte demandada. Como fundamento de lo aseverado, la recurrida hizo mención del proceso judicial en el cual se expidió una orden de protección a su favor, para enfatizar que tuvo la oportunidad de testificar en el referido pleito, testimonio que fue sopesado por el foro primario en el análisis de su dictamen. Recalcó, además, que representantes de la Procuradora de Asuntos de Familia y del Procurador del Envejeciente testificaron que, la suscribiente se encontraba ubicada en lugar, espacio y tiempo, y consciente de sí.

Según ordenado, el 18 de abril de 2025, la Procuradora de Asuntos de Familia (en adelante, Procuradora), presentó su Moción en Cumplimiento de Orden de la Procuradora de Asuntos de Familia. Solicitó al TPI que, ordenara a la parte peticionaria producir la documentación relacionada a la orden de protección aludida en su petición. A su vez, peticionó que se le permita presentar su escrito en oposición una vez haya examinado dichos documentos, haya entrevistado a la Sra. Hartmann Fernández-Cuervo y conozca sus alegaciones responsivas. En respuesta, el foro primario dictó Orden el 23 de abril de 2025 otorgando la prorroga solicitada.

Por su parte, el Sr. Palau Hartmann presentó el 8 de mayo de 2025 una Moción Informando Perito donde nombró al Psiquiatra Elías R. Jiménez Olivo como su médico evaluador. Ese mismo día, el peticionario sometió una Moción Solicitando Orden. En ella solicitó una orden, dirigida al médico de cabecera de la recurrida y al Hospital Menonita Guayama, para que produzcan copia certificada de la totalidad del récord médico de la Sra. Hartmann Fernández-Cuervo.[4]

---

[4] Incluyendo, pero no limitándose a copia de cualquier estudio, prueba, laboratorios, estudios de resonancia magnética, y/o Ct Scan que se le haya efectuado y se encuentre en posesión de estas instituciones.

En desacuerdo con lo solicitado, la recurrida presentó una Moción en Oposición a Solicitud de Ordenes el 14 de mayo de 2025. Arguyó que, lo solicitado es una expedición de pesca con el objetivo de buscar defensas o evitar la investigación relacionada a la coacción del peticionario hacia su madre, según el testimonio de la propia Sra. Hartmann Fernández-Cuervo en el pleito de orden de protección. Para sostener su postura incorporó parte del testimonio vertido en el susodicho caso.

Al día siguiente, entiéndase el 15 de mayo de 2025, el Sr. Palau Hartmann presentó una Réplica a Oposición Entrada SUMAC #14. Primeramente, el peticionario se opuso a los segmentos del testimonio que se incorporaron en la moción por ser selectivos y acomodaticios, al igual que inadmisibles. Por otra parte, arguyó que, la orden de protección no es final y firme por lo que no se puede utilizar como criterio evaluador en el presente pleito. Finalmente, sostuvo que si la posición de la representación legal de la Sra. Hartman Fernández-Cuervo es que su clienta se encuentra en pleno uso de sus facultades mentales, no debe existir objeción a que sea evaluada.

El 28 de mayo de 2025, la Sra. Bertha Hartmann Fernández-Cuervo presentó su Contestación a Solicitud de Incapacidad. De entrada, aunque acepta que existe un pleito independiente cuyo objeto de litigio es la corporación familiar, afirma que Antonio y Gustavo Palau Hartmann no tienen conflicto con su madre, incluso enfatiza que ambos le han protegido del peticionario por este querer manejar y administrar sus bienes. De igual forma niega el resto de las alegaciones contenidas en la petición de incapacitación, reiterando que se encuentra en pleno control de sus facultades mentales. Como parte de sus defensas, adujó que el peticionario la ha sometido a un patrón de abuso psicológico y explotación financiera.

El 2 de junio de 2025 el TPI emitió una Orden, en la cual declaró con lugar la Moción en Oposición a Solicitud de Ordenes. En desacuerdo con el foro primario, el 3 de junio de 2025, el peticionario presentó una Solicitud de Reconsideración de Orden SUMAC #23. Ese mismo día, entiéndase el 3 de junio de 2025, el Sr. Palau Hartmann presentó una Moción Solicitando Orden para Evaluación. En ella peticionó la emisión de una orden a los fines de que la Sra. Hartmann Fernández presentara tres fechas hábiles, para someterse a una evaluación psiquiátrica efectuada por el perito de la parte peticionaria.

En respuesta, el foro primario emitió una Resolución el 4 de junio de 2025, mediante la cual declaró sin lugar la Solicitud de Reconsideración de Orden SUMAC #23, al igual que la Moción Solicitando Orden para Evaluación. Inconforme con dicho pronunciamiento, el peticionario recurre ante este tribunal intermedio y señala la comisión del siguiente error:

> *Abusó de discreción el TPI al denegar las solicitudes de órdenes para: I) Que se nos produjera copia certificada del Récord Médico de Doña Bertha, en las oficinas del Dr. Pedro M. López López, y en el Hospital Menonita Guayama; y II) Que Doña Bertha proveyera tres (3) fechas para ser evaluada por el Dr. Jiménez Olivo, Psiquiatra, excediéndose y transcendiendo el TPI del ámbito de su discreción.*

Mediante Resolución emitida el 19 de agosto de 2025 otorgamos un término de 10 días tanto a la Sra. Hartmann Fernández como a la Procuradora de Familia, representada por la Oficina del Procurador General de Puerto Rico, para que presentaran sus respectivos escritos en oposición. Según ordenado, ambos escritos fueron presentados el 4 de septiembre de 2025. Por tal razón, procedemos a resolver con el beneficio de sus comparecencias.

**II.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo podrá revisar determinaciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en aquellas situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

En síntesis, el peticionario arguye que tanto la solicitud de orden dirigida a descubrir el récord médico de la Sra. Hartman Fernández-Cuervo como la solicitud de que esta proveyera fechas hábiles para someterse a una evaluación médica son totalmente pertinentes e indispensables para el adecuado trámite del caso. Ello, dado que, por tratarse de una petición de declaración de incapacidad, lo solicitado constituye el descubrimiento de prueba medular a la controversia a ser litigada.

Por su parte, la Sra. Hartmann Fernández-Cuervo, en suma, arguye que el foro primario no erró ni actuó con pasión o perjuicio, sino que obró con objetividad reconociendo la dignidad de una madre.

Finalmente, el Procurador General estima que falla el peticionario en argumentar que, con la mera presentación de una petición de declaración de incapacidad, el TPI viene obligado a ordenar una evaluación médica. Siendo ello así, el TPI, en el ejercicio de su discreción, decidió limitar el descubrimiento de

prueba en miras de proteger a la recurrida de hostigamiento, perturbación, opresión, gasto innecesario o molestia indebida.

Luego de un análisis sosegado del expediente ante nuestra consideración, colegimos que no nos encontramos ante alguna de las circunstancias excepcionales enumeradas en la Regla 40 de nuestro Reglamento, *supra,* que nos permita expedir el recurso discrecional solicitado por el Sr. Palau Hartmann. Ello, debido a que nada en el expediente demuestra que el foro primario haya actuado con prejuicio, parcialidad, abuso de discreción o error manifiesto. Por tanto, a nuestro juicio, las determinaciones del TPI de denegar tanto la solicitud de orden, así como la moción de reconsideración merece nuestra deferencia.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, denegamos la expedición del auto de *Certiorari* solicitado por el señor Jorge Carlos Palau Hartmann.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones